## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 23-280 |
| | : | |
| MAURICE L. GARRETT | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                          **March 31, 2026**

Our Grand Jury charged Maurice Garrett with distributing methamphetamine, intending to distribute methamphetamine, and possessing with intent to distribute methamphetamine and fentanyl, along with possessing a firearm in furtherance of drug trafficking. Mr. Garrett did not like his experienced federal defender appointed after we found him indigent. So we appointed an experienced federal private criminal lawyer from our Criminal Justice Act Panel who promptly moved to suppress evidence by challenging the probable cause affidavit leading to the search warrant. We held an extended oral argument and denied his motion to suppress the search. Mr. Garrett's counsel then negotiated a plea agreement for a agreed recommended range of custody through which he pleaded guilty to the two methamphetamine distribution charges and the one charge for possession with intent to distribute methamphetamine and fentanyl. The United States agreed to dismiss the firearm charge at sentencing in exchange for the plea. Mr. Garrett agreed not to challenge his conviction, sentence, or other matter except for challenging the effectiveness of his counsel. We sentenced him to concurrent sentences of 168 months of custody on all three counts of conviction.

Mr. Garrett now pro se moves to vacate his sentence arguing his experienced appointed counsel provided ineffective assistance in not arguing unidentified positions during a suppression hearing and his counsel told him he would receive "F.S.A." without defining those terms as part

of a negotiated plea range. We deny his vague ineffective assistance ground without prejudice while also directing Mr. Garrett to the concurrent sentences doctrine given we sentenced him to concurrent sentences on all three counts of conviction and he today challenges only the count involving fentanyl. Mr. Garrett also moves to vacate his sentence arguing the agents executing a search warrant violated his rights notwithstanding our earlier denial of his motion to suppress. But Mr. Garrett knowingly and voluntarily waived these rights in his detailed plea colloquy.

We deny and dismiss his pro se petition for habeas relief. We find no basis to issue a certificate of appealability or to hold an evidentiary hearing.

## I.  Background

Our Grand Jury charged Maurice Garrett with knowingly and intentionally distributing fifty grams or more of methamphetamine, knowingly and intentionally possessing with intent to distribute fifty grams or more of methamphetamine, knowingly and intentionally possessing with intent to distribute fifty grams or more of methamphetamine and 400 grams or more of fentanyl, and possessing a firearm in furtherance of a drug trafficking offense.[1] Mr. Garrett pleaded not guilty to all four counts.[2]

Our Grand Jury specifically charged Mr. Garrett with selling 520.9 grams of methamphetamine to a confidential source in a May 17, 2023 controlled purchase.[3] Judge Lloret signed a search warrant on May 31, 2023 for Mr. Garrett's Dodge Journey.[4] Investigators executed the search warrant the same day.[5] They recovered one bag containing 525 grams of suspected methamphetamine, seven heat-sealed bags containing a total of 3,382 grams of suspected methamphetamine, and one plastic-wrapped object containing suspected heroin.[6] The Drug Enforcement Administration tested the recovered substances.[7] These tests confirmed the suspected methamphetamine and determined the plastic-wrapped object contained fentanyl.[8] A

narcotics expert planned to testify the drugs recovered from the search warrants demonstrated intent to distribute, not to use personally.[9]

### *We denied Mr. Garrett's motion to suppress after an evidentiary hearing.*

Mr. Garrett qualified for federal defender representation. Mr. Garrett grew tired of his experienced federal defender and asked for new counsel. We appointed experienced federal criminal trial counsel Jeremy Ibrahim from our Criminal Justice Act Panel.[10] Attorney Ibrahim moved to suppress the May 31, 2023 search of the Dodge Journey.[11] He argued the probable cause affidavit did not establish the requisite nexus to search the Dodge Journey.[12] The United States countered the agent alleged sufficient facts to demonstrate probable cause for finding evidence of drug trafficking offenses in the Dodge Journey.[13]

We held oral argument on May 21, 2024.[14] We denied Mr. Garrett's Motion to suppress.[15] We found the affidavit of probable cause contained sufficient circumstantial evidence to support Judge Lloret's issuance of the May 31, 2023 search warrant.[16] We also concluded Judge Lloret drew reasonable inferences to create a nexus between the Dodge Journey and Mr. Garrett's drug trafficking activities.[17]

### *Mr. Garrett pleaded guilty after a lengthy colloquy and voluntary waiver.*

The United States and Mr. Garrett negotiated a plea agreement.[18] We held a change-of-plea hearing on June 24, 2024.[19] Mr. Garrett pleaded guilty to drug distribution and possession with intent to distribute counts (including the charge of distributing methamphetamine and fentanyl).[20] The United States agreed to dismiss the firearm charge as a condition of the plea agreement.[21] Mr. Garrett and the United States agreed to recommend a sentence of imprisonment ranging from 168 to 252 months under Federal Rule of Criminal Procedure 11(c)(1)(C).[22] Mr. Garrett swore his satisfaction with the Attorney Ibrahim's representation.[23]

Mr. Garrett agreed not to file an appeal, collateral attack, or another writ or motion challenging his conviction, sentence, or any other matter relating to his prosecution.[24] Mr. Garrett retained the right to file a post-sentence claim alleging his counsel provided constitutionally ineffective assistance.[25] We discussed the waiver of appellate rights with Mr. Garrett at his change-of-plea hearing.[26] Mr. Garrett said he understood his rights and swore he decided to give up those rights.[27]

The United States summarized the facts to prove Mr. Garrett's guilt beyond a reasonable doubt.[28] It detailed the May 17, 2023 controlled purchase of methamphetamine and the methamphetamine and fentanyl recovered in the May 31, 2023 search of the Dodge Journey.[29] Mr. Garrett said he did what the United States alleged he did.[30] Attorney Ibrahim stated his satisfaction of the factual basis for Mr. Garrett's plea and his belief as to Mr. Garrett's competence and willingness to enter his guilty plea.[31] Attorney Ibrahim also confirmed Mr. Garrett understood the charges, the possible penalties, the nature of the plea agreement, and his legal rights to contest the charges.[32]

We sentenced Mr. Garrett on November 6, 2024 to a term of imprisonment of 168 months on each of the three counts, plus five years of supervised release.[33] We ordered Mr. Garrett's terms of imprisonment to run concurrently.[34]

### *Mr. Garrett files and then dismisses his pro se appeal.*

Mr. Garrett filed a pro se notice of appeal of his convictions on November 16, 2024.[35] Mr. Garrett voluntarily dismissed his appeal on March 24, 2025.[36]

4

## II. Analysis

Mr. Garrett now pro se moves to vacate his sentence under section 2255.[37] Mr. Garrett asks us to vacate his sentence and resentence him.[38] Mr. Garrett raises two grounds in his habeas petition: the first ground asserts ineffective assistance of counsel and the second ground asserts a Fourth Amendment challenge to the search of his car.

Mr. Garrett may move to vacate, set aside, or correct his federal sentence under 2255 if "(1) 'the sentence was imposed in violation of the Constitution or laws of the United States'; (2) the court lacked 'jurisdiction to impose' the sentence; (3) the sentence exceeded 'the maximum authorized by law'; or (4) the sentence is 'otherwise subject to collateral attack[.]'"[39] We must "accept the truth of [Mr. Garrett's] factual allegations unless they are clearly frivolous on the basis of the existing record."[40] Our Court of Appeals instructs us we must hold an evidentiary hearing where the habeas petition "allege[s] any facts warranting relief under section 2255 that are not clearly resolved by the record."[41] We studied the records and find no basis to proceed with Mr. Garrett's petition. We also find no grounds to issue a certificate of appealability or hold an evidentiary hearing.

### A.    We find no fact basis to proceed on an ineffective assistance claim.

Mr. Garrett claims Attorney Ibrahim rendered ineffective assistance in two ways: (1) Attorney Ibrahim did not make agreed-upon arguments at the suppression hearing, and (2) Attorney Ibrahim "misinformed [him] he would receive 'F.S.A.'" if he pleaded guilty to charges including fentanyl Mr. Garrett claims he "had no knowledge of."[42] Mr. Garrett does not identify the arguments his counsel failed to make at the suppression hearing or what is meant by the United States offering "F.S.A." in the plea.

To succeed on an ineffective assistance of counsel claim, Mr. Garrett must satisfy the two-prong test set out by the Supreme Court in *Strickland v. Washington*.[43] Mr. Garrett must show (1) deficient performance by his counsel and (2) the deficient performance prejudiced him.[44]

The first prong requires Mr. Garrett to show his counsel's performance fell "below an objective standard of reasonableness considering all the circumstances."[45] The Supreme Court cautioned we should be "highly deferential" when assessing counsel's performance, applying "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[46] Mr. Garrett bears the burden of proving counsel's representation is unreasonable and "that the challenged action was not sound strategy."[47] This is a "highly demanding" standard.[48]

The second prong requires Mr. Garrett to show prejudice by his counsel's deficient performance, meaning "there  is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[49] Where, as here, Mr. Garrett entered into a guilty plea, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[50]

We need not apply the two-prong *Strickland* inquiry in the same order or address both components if Mr. Garrett does not make a sufficient showing on one prong.[51] And the Supreme Court directs we need not determine the performance prong before examining the prejudice prong if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice."[52] We are cautioned by the Supreme Court the "object of an ineffectiveness claim is not to grade counsel's performance" and we may dispose of an ineffectiveness claim base on the

lack of sufficient prejudice to "ensure that ineffectiveness claims do not become so burdensome to defense counsel that the entire criminal justice system suffers as a result."[53]

The United States argues we should deny Mr. Garrett's ineffective assistance of counsel claim for two reasons.[54] First, the United States argues Mr. Garrett's claims are vague and conclusory and, without supporting facts, it is unable to provide a substantive response to Mr. Garrett's ineffective assistance claims and must be dismissed. Second, the United States argues even without supporting facts, Mr. Garrett's claim he had "no knowledge of any fentanyl" in the drug trafficking charges should be dismissed because his claim now contradicts his sworn statements during the guilty plea hearing. Mr. Garrett did not reply to the United States' response.

We agree with the United States. We deny Mr. Garrett's Motion to vacate his sentence on the grounds of ineffective assistance of counsel.

### 1.    Mr. Garrett's vague allegations do not show constitutionally ineffective assistance of counsel.

Mr. Garrett claims his attorney did not argue unidentified merits at our suppression hearing and "misinformed" him about receiving "F.S.A." if he agreed to the United States' plea offer including accepting responsibility for possession with the intent to distribute fentanyl. Mr. Garrett claims he would have gone to trial to prove he had no knowledge of fentanyl in his possession had Attorney Ibrahim given him different advice.[55] Mr. Garrett does not claim he would have pleaded not guilty to the two charges involving methamphetamine. We find Mr. Garrett does not sufficiently plead facts identifying the ineffective assistance.

We are guided by Judge Mehalchick's analysis of vague allegations four years ago.[56] The petitioner pleaded guilty in state court to conspiracy to commit retail theft.[57] He later petitioned for habeas relief asserting several claims.[58] Judge Mehalchick found "[petitioner] state[d] that

'he pled guilty through his defense counsel's ill-fated advice' and that his defense counsel withheld evidence 'that possibly could have exonerated [him].'"[59] But the petitioner did not say what evidence his counsel withheld from him.[60] Judge Mehalchick found this statement vague and conclusory.[61] She could not determine if the withheld evidence would have influenced the petitioner's guilty plea or the outcome of his case without knowing which evidence his counsel withheld.[62] Judge Mehalchick concluded the vague and conclusory allegations precluded further progress on an ineffective assistance of counsel claim.[63]

Judge Reuter also found an incarcerated individual did not allege sufficient facts to support his ineffective assistance of counsel claim.[64] A state court jury convicted the incarcerated individual of crimes involving multiple minor victims.[65] The incarcerated individual pro se petitioned for post-conviction relief.[66] The state court denied him relief; the incarcerated individual then claimed ineffective assistance of counsel among other claims in a pro se habeas petition.[67] "[The incarcerated individual alleged] that his trial counsel '[d]id not conduct any investigation, did not properly prepare for proceedings or present petitioner's evidence or defenses of protect petitioner from violations by the Commonwealth.'"[68] Judge Reuter found "[the incarcerated individual] has not identified what specific investigations counsel should have conducted, how he did not prepare, or what evidence or defenses should have been presented."[69] Judge Reuter concluded "[the incarcerated individual] cannot base his claim of ineffective assistance of counsel on such vague allegations."[70] "Instead, [he] must allege specific facts establishing both unreasonable representation and prejudice resulting from the ineffective assistance of counsel."[71]

Mr. Garrett's claims are as vague and conclusory as the claims in *Williams* and *Nicholson*. Mr. Garrett does not assert which arguments Attorney Ibrahim excluded from his

Motion to suppress. Mr. Garrett does not tell us what "F.S.A." means and how Attorney Ibrahim's statements misinformed Mr. Garrett on this issue. Mr. Garrett also does not claim he would have changed his guilty plea on the methamphetamine charges nor how going to trial on the fentanyl charge would change the outcome of his case.

We deny Mr. Garrett's ineffective assistance of counsel claim because his vague and conclusory allegations do not satisfy his burden of showing Attorney Ibrahim's conduct fell below the reasonable standard measured against the strong presumption counsel's conduct  is objectively reasonable.

We also deny Mr. Garrett's claim based on vague and conclusory allegations sufficient to support *Strickland's* prejudice prong. There is nothing to support a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different.[72]

**B.  Mr. Garrett waived his Fourth Amendment grounds.**

Mr. Garrett also asks us to vacate his sentence on illegal search and seizure grounds.[73] He claims the May 31, 2023 search warrant issued listed only one Mazda Coupe and one home, and federal agents searched beyond the scope of the warrant by searching the Dodge Journey in violation of the Fourth Amendment. Mr. Garrett claims federal agents recovered 400 grams or more of heroin in this wrongful search.[74] We considered and rejected this argument in denying Mr. Garrett's suppression motion.

The United States argues Mr. Garrett's challenge of the May 31, 2023 search and seizure contradicts his sworn statements made during his change-of-plea hearing.[75] At our plea colloquy, Mr. Garrett pleaded guilty at his hearing; accepted responsibility for all drug trafficking charges in the Superseding Indictment; swore to us he is pleading guilty because he is guilty; swore he heard and understood the United States recite the elements of the alleged offenses and facts it

would present at trial to prove beyond a reasonable doubt; agreed the alleged facts are true and conceded to the United States' allegations; and he did not object to the United States' recitation of the stipulations in the plea agreement, including the charged offense of possession with intent to distribute fentanyl. The United States argues Mr. Garrett cannot now credibly argue he had no knowledge of the fentanyl when he swore he knew of the presence of fentanyl at our plea colloquy.

We agree with the United States. We find Mr. Garrett cannot collaterally attack the May 31, 2023 search and seizure because he knowingly and voluntarily waived his right to do so in his plea agreement. We also conclude enforcing Mr. Garrett's plea agreement is not a miscarriage of justice.

"[Mr. Garrett] may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution."[76] "Further, [Mr. Garrett] may waive the statutory right to appeal if he does so with the knowledge of the nature and consequences of the waiver."[77] "Thus, we will enforce appellate or collateral-attack waivers when they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice."[78] "Invalidating an appellate waiver on the basis that it would work a miscarriage of justice is appropriate only in 'unusual circumstance[s].'"[79]

Our Court of Appeals instructs us to first consider whether Mr. Garrett entered into his plea agreement knowingly and voluntarily.[80] If he did, "the 'appellate waiver must therefore be enforced unless we identify the unusual circumstance of an error amounting to a miscarriage of justice in his sentence.'"[81] We make this determination by examining factors such as the clarity and gravity of the error, its character—whether it concerns a fact issue, a sentencing guideline, or a statutory maximum, the error's impact on Mr. Garrett, the impact on the government of

10

correcting the error, and the extent to which Mr. Garrett acquiesced in the result of the error.[82] "[R]elief …is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'"[83]

We first consider whether Mr. Garrett knowingly and voluntarily entered into his plea agreement. Mr. Garrett's plea agreement includes a broad appellate waiver applying to direct appeal and collateral attack rights. Mr. Garrett read the plea agreement and discussed it with Attorney Ibrahim before Mr. Garrett signed it.[84] Mr. Garrett reviewed the Acknowledgement of Rights attached to his plea agreement with Attorney Ibrahim before signing it.[85] The Acknowledgement clarifies Mr. Garrett gave up his right to appeal, except as set forth in the appellate waiver provisions of his plea agreement.[86] We further discussed the appellate waiver provisions during Mr. Garrett's plea colloquy.[87] We reviewed the only four exceptions to the appellate waiver during the colloquy.[88] Mr. Garrett said he understood the rights he gave up.[89] Mr. Garrett made the decision to plead guilty.[90] "Those in-court statements 'carry a strong presumption of verity.'"[91] Mr. Garrett also alleges no new facts to claim he entered his plea agreement unknowingly or involuntarily. Mr. Garrett entered into his plea agreement knowingly and voluntarily.

We next consider whether enforcing the appellate waiver in Mr. Garrett's plea agreement is a miscarriage of justice. Mr. Garrett's allegations do not fit neatly within the limited examples of plea agreements our Court of Appeals find  non-enforceable.[92] In *United States v. Wragg*, Judge Slomsky considered a pro se motion to vacate, set aside, or correct a sentence from an incarcerated individual asserting four claims.[93] The incarcerated individual pleaded guilty to ten counts of wire fraud, securities fraud, and conspiracy.[94] The individual waived his right to appeal

or collaterally attack his conviction in his plea agreement.[95] None of the non-enforceable plea agreement examples clearly applied to the incarcerated individual's claims.[96] Judge Slomsky found enforcing the plea agreement appellate waiver would not constitute a miscarriage of justice because the incarcerated individual advanced meritless claims and failed to show any miscarriage of justice.[97]

Judge Kenney also found enforcing an incarcerated individual's collateral attack waiver is not a miscarriage of justice three years ago in *Rooks*.[98] The incarcerated individual pleaded guilty to all counts.[99] The agreement contained a waiver limiting the individual's ability to appeal or collaterally attack his conviction, sentence, or any other matter relating to his prosecution.[100] The individual still challenged the constitutionality of his firearms conviction.[101] After finding the individual knowingly and voluntarily waived his right to constitutionally challenge his conviction, Judge Kenney then asked if enforcing the collateral attack waiver would work a miscarriage of justice.[102] Judge Kenney found no miscarriage of justice because the incarcerated individual's sentence did not exceed the maximum permitted by law, nor was it based on an impermissible reason.[103] Judge Kenney also found the plea agreement enforceable because the individual alleged no claim of ineffective assistance of counsel and no breach of the plea agreement by the government.[104] Judge Kenney concluded the incarcerated individual remained subject to the collateral attack waiver and denied his habeas petition.[105]

Mr. Garrett alleges no specific facts to support an argument the May 31, 2023 search warrant is infected with such a high degree of plain error it constitutes a miscarriage of justice. Mr. Garrett also does not claim the record here is devoid of evidence for an element of the charges against him. We cannot find a miscarriage of justice. Mr. Garrett does not allege facts demonstrating the May 31 search warrant constituted a miscarriage of justice. Mr. Garrett has not

alleged the United States breached his plea agreement. We must enforce the appellate and collateral attack waiver provisions of Mr. Garrett's plea agreement.

We deny and dismiss Mr. Garrett's challenge to the execution of the May 31, 2023 search warrant with prejudice because he waived his right to challenge this warrant when entering his guilty plea.

### C.   We decline to issue a certificate of appealability.

We decline to issue a certificate of appealability. Congress provides "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."[106] We may issue a certificate of appealability only if "the applicant has made a substantial showing of the denial of a constitutional right."[107] A petitioner meets this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[108] Reasonable jurists could not disagree with our resolution of Mr. Garrett's claims.

### D.   We decline to issue a certificate of appealability.

We decline to hold an evidentiary hearing. Congress requires us to hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief[.]"[109]

To determine whether a hearing is necessary, we are directed by our Court of Appeals to apply a two-pronged inquiry.[110] "First, [we] must 'consider[ ] as true all appellant's nonfrivolous factual claims.' Second [we] must 'determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel.'"[111] Mr. Garrett must show deficiency of his counsel's performance and prejudice to his defense.[112]

The standard for obtaining a hearing on a section 2255 motion is "less onerous" than the standard Mr. Garrett must meet to prevail on an ineffective assistance of counsel claim.[113] Mr. Garrett need not "prove" anything to warrant a hearing; he needs only to "allege a set of facts that is not frivolous or clearly contradicted by the record and that demonstrates (if assumed to be true) that he would plausibly be entitled to relief under *Strickland*."[114] For example, a hearing is warranted when resolving a habeas motion "turns on credibility or disputed facts" or "the record is inconclusive about whether a movant is entitled to relief."[115] This obligation is a "reasonably low threshold for [Mr. Garrett] to meet."[116]

But Mr. Garrett does not meet this low threshold. Mr. Garrett offers only vague and conclusory allegations Attorney Ibrahim provided ineffective assistance of counsel. Mr. Garrett has not alleged facts showing Attorney Ibrahim's conduct prejudiced him. Mr. Garrett's ineffective assistance of counsel claims also cannot overcome the concurrent sentences doctrine because resentencing Mr. Garrett for his fentanyl charge will not reduce his total sentence of imprisonment.[117]

And the appellate waiver in Mr. Garrett's plea agreement bars him from collaterally attacking the May 31, 2023 search warrant. The record is conclusive Mr. Garrett entered his plea agreement knowingly and voluntarily. The record is also conclusive enforcing Mr. Garrett's plea agreement would not work a miscarriage of justice. Mr. Garrett's search and seizure claim fails as a matter of law because the appellate waiver provision of his plea agreement is valid and enforceable. We need not hold an evidentiary hearing.

### III. Conclusion

We deny Mr. Garrett's Motion to vacate without prejudice to timely pursue an ineffective counsel claim with specifics as to his allegations relating to the ineffective assistance of counsel

relative to unasserted merited arguments on a motion to suppress or a "F.S.A." or otherwise. We deny Mr. Garrett's Motion to vacate with prejudice as to his challenge to the May 31, 2023 search warrant as waived in a knowing and voluntary plea colloquy where Mr. Garrett admitted knowing of the facts and agreeing as to the possession of fentanyl.

We find no basis for a certificate of appealability or an evidentiary hearing. We direct the Clerk of Court to close this case.

---

[1] ECF 20, Superseding Indictment.

[2] ECF 22.

[3] ECF 72 at 42:7–43:23; ECF 55 ¶ 4.

[4] ECF 55 ¶¶ 26–27.

[5] *Id.* ¶ 29.

[6] *Id.*

[7] *Id.* ¶ 30.

[8] *Id.*

[9] ECF 72 at 46:25–47:5.

[10] ECF 43.

[11] ECF 51.

[12] *Id.* at 15–24.

[13] ECF 52 at 3–5.

[14] ECF 54.

[15] ECFs 55, 56.

[16] ECF 55 ¶ 33.

[17] *Id.* ¶ 34.

[18] ECF 61.

[19] ECF 72 at 15:11–17.

[20] *Id.* at 50:11–51:2.

[21] ECF 61 ¶ 2(a).

[22] *Id.* ¶ 5.

[23] ECF 72 at 10:14–16.

[24] ECF 61 ¶¶ 15–16.

[25] *Id.*

[26] ECF 72 at 36:15–38:12.

[27] *Id.* at 37:25–38:12.

[28] *Id.* at 42:7–47:5.

[29] *Id.*

[30] *Id.* at 47:10–14.

[31] *Id.* at 47:15–48:4.

[32] *Id.* at 48:13–20.

[33] ECF 85 at 61:1–18.

[34] *Id.* at 61:13–14.

[35] ECF 82.

[36] ECF 87.

[37] 28 U.S.C. § 2255.

[38] ECF 90 at 13.

[39] *United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020) (quoting 28 U.S.C. § 2255(a)).

[40] *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015).

[41] *Id.* (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005)).

[42] ECF 90 at 5.

[43] 466 U.S. 668 (1984).

[44] *Id.* at 687.

[45] *Id.* at 688.

[46] *United States v. Scripps*, 961 F.3d 626, 632 (3d Cir. 2020) (quoting *Strickland*, 466 U.S. at 689).

[47] *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (citing *Strickland*, 466 U.S. at 694).

[48] *Id.* at 382.

[49] *Scripps*, 961 F.3d at 632 (quoting *Strickland*, 466 U.S. at 694).

[50] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[51] *Strickland*, 466 U.S. at 697.

[52] *Id.*

[53] *Id.*

[54] ECF 92.

[55] ECF 92.

[56] *Williams v. Winter*, No. 20-2449, 2022 WL 3702930, at *6–7 (M.D. Pa. Aug. 5, 2022).

[57] *Id.* at *1.

[58] *Id.*

[59] *Id.* at *7.

[60] *Id.*

[61] *Id.*

[62] *Id.*

[63] *Id.*

[64] *Nicholson v. Luther*, No. 17-796, 2017 WL 11708249, at *11–12 (E.D. Pa. Aug. 28, 2017) *report and recommendation adopted*, 2017 WL 11708250 (E.D. Pa. Oct. 25, 2017).

[65] *Id.* at *1.

[66] *Id.*

[67] *Id.*

[68] *Id.* at *12.

[69] *Id.*

[70] *Id.*

[71] *Id.* (citations omitted).

[72] The concurrent sentence doctrine may also require we deny Mr. Garrett's ineffective assistance of counsel claims. The concurrent sentence doctrine allows us the "discretion to avoid resolution of legal issues affecting less than all of the counts in an indictment where at least one count will survive and the sentences on all counts are concurrent." *Duka v. United States*, 27 F.4th 189, 194 (3d Cir. 2022) (quoting *United States v. McKie*, 112 F.3d 626, 628 n.4 (3d Cir. 1997)). Our Court of Appeals instructs the "concept underlying this doctrine is simple: there is no use expending the limited resources of the litigants and the judiciary reviewing a conviction where, regardless of the outcome, the defendant will remain subject to the same sentence." *Id.* (quoting *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986)).

Mr. Garrett claims he would have gone to trial to prove he had no knowledge of fentanyl. Our Grand Jury only charged Mr. Garrett with one fentanyl-related offense. ECF 20 at 3. Mr. Garrett does not allege he would have gone to trial the methamphetamine charges (Counts One and Two). We sentenced Mr. Garrett to 168 months imprisonment for each count with the sentences running concurrently. Resentencing Mr. Garrett on the only count involving fentanyl would not reduce his total sentence of 168 months of imprisonment.

[73] ECF 90 at 6–7.

[74] *Id.*

[75] ECF 92 at 5–6.

[76] *United States v. Fazio*, 795 F.3d 421, 425 (3d Cir. 2015) (quoting *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995)).

[77] *Id.* (citing *United States v. Khattak*, 273 F.3d 557, 561 (3d Cir. 2001)).

[78] *Id.*

[79] *United States v. Rochelle*, 802 F. App'x 41, 44 (3d Cir. 2020) (quoting *Khattak*, 273 F.3d at 562).

[80] *Id.*

[81] *Id.* at 426 (quoting *United States v. Erwin*, 765 F.3d 219, 226 (3d Cir. 2014)).

[82] *Id.* (citing *Erwin*, 765 F.3d at 226).

[83] *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (alterations in original) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted)).

[84] ECF 72 at 13:3–14:4.

[85] *Id.* at 14:5–25.

[86] ECF 61 ¶¶ 15–16.

[87] ECF 72 at 35:14–38:12.

[88] *Id.* at 35:15–38:1.

[89] *Id.* at 37:25–38:8.

[90] *Id.* at 38:9–12.

[91] *United States v. Blackwell*, No. 24-1840 2024 WL 4457453, at *2 (3d Cir. Oct. 10, 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

[92] *See, e.g.*, *United States v. Schwartz*, 511 F.3d 403, 405 (3d Cir. 2008) ("[W]e agree with [the incarcerated individual] that his appellate waiver does not foreclose his claim that the government breached the [Plea] Agreement . . . ."); *United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007) ("Enforcing a collateral-attack waiver where constitutionally deficient lawyering prevented [the incarcerated individual] from understanding his plea or from filing a direct appeal as permitted by his plea agreement would result in a miscarriage of justice."); *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) ("[I]t would constitute a miscarriage of justice to enforce a guilty plea made pursuant to a plea agreement if the defendant should have been permitted to withdraw.").

[93] *United States v. Wragg*, No. 15-398, 2024 WL 4041480, at *1 (E.D. Pa. Sept. 4, 2024) ("[The incarcerated individual] allege[d] that (1) his conviction was time-barred under the applicable statute of limitations, (2) false testimony was proffered by the Government during his sentencing hearing and relied upon by the Court in imposing his sentence, (3) he received a disproportionately long sentence compared to other similarly-situated defendants, and (4) his counsel was constitutionally ineffective.").

[94] *Id.* at *2.

[95] *Id.* at *2–3.

[96] *Id.* at *17 n.10.

[97] *Id.* at \*17–18.

[98] *United States v. Rooks*, No. 21-38, 2023 WL 8237257, at \*4 (E.D. Pa. Nov. 28, 2023).

[99] *Id.* at \*1.

[100] *Id.*

[101] *Id.*

[102] *Id.* at \*3–4.

[103] *Id.*  at \*4.

[104] *Id.*

[105] *Id.*

[106] 28 U.S.C. § 2253(c)(1)(B).

[107] *Id.* § 2253(c)(2).

[108] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[109] *Scripps*, 961 F.3d at 631–32 (quoting *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005) (quoting 28 U.S.C. § 2255) (emphasis in original)).

[110] *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021).

[111] *Id.* (quoting *United States v. Dawson*, 857 F.2d 923, 926–27 (3d Cir. 1988)).

[112] *Id.* (citing *Strickland*, 466 U.S. at 687).

[113] *Id.* at 335.

[114] *Id.* (citing *Dawson*, 857 F.2d at 927–28).

[115] *Id.* (citing *Tolliver*, 800 F.3d at 142–43).

[116] *Id.* at 334 (quoting *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005)).

[117] *Logan v. Dist. Att'y Allegheny Cnty.*, 752 F. App'x 119, 122 (3d Cir. 2018) ("We apply the doctrine where it is apparent that [Mr. Garrett] will not suffer collateral consequences arising from the challenged conviction.").