**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 23-280** |
| | : | |
| **MAURICE L. GARRETT** | : | |

## <u>ORDER</u>

**AND NOW**, this 31st day of March 2026, upon considering Defendant's *pro se* Motion to vacate (ECF 90) seeking habeas relief on a generalized ground of ineffective assistance without specifics and challenging a search and seizure, the United States' Response (ECF 92) noting the lack of specificity for the ineffective assistance claim and also citing to the Defendant's knowing and unequivocal waiver of his rights to pursue a post-conviction Fourth Amendment claim, and finding no specific basis for Defendant's claim for ineffective assistance, further mindful Defendant knowingly and voluntarily waived the challenge to the search and seizure in his voluntary plea colloquy, and for reasons in today's accompanying Memorandum, it is **ORDERED** we:

1.    **DENY** Defendant's Motion to vacate (ECF 90):

a.    **Without prejudice** to timely pursue ineffective assistance of counsel claim with specifics as to his allegations relating to the ineffective assistance of counsel relative to unasserted merited arguments on a motion to suppress or a "F.S.A." as part of a potential C plea or otherwise and showing how vacating his sentence on Count III partially relating to distributing fentanyl based on ineffective assistance would otherwise affect his concurrent sentence of 168 months based on his guilty plea to the other counts involving methamphetamine;

      b.      **With prejudice** as to his challenge to Judge Lloret's approval of a search warrant as waived in a knowing and voluntary plea colloquy where Defendant admitted knowing of the facts and agreeing as to the possession of fentanyl;

2.      **FIND** no basis for a certificate of appealability or evidentiary hearing; and,

3.      Direct the Clerk of Court **CLOSE** this case.

**KEARNEY, J.**